UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS WEISSERT,

   Petitioner,         Case No. 1:10-cv-851

v.               HON. ROBERT HOLMES BELL

CARMEN PALMER,

   Respondent.
_____/

**ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On July 31, 2015, Magistrate Judge Phillip J. Green issued a Report & Recommendation ("R&R") (ECF No. 62) recommending that Petitioner's petition for writ of habeas corpus (ECF No. 1) and amended petition for writ of habeas corpus (ECF No. 4), brought under 28 U.S.C. § 2254, be denied. The matter is before the Court on Petitioner's objections to the R&R. (ECF No. 63.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or

all of the Magistrate Judge's findings or recommendations.  *Id.*

**Count 1–Eddie Lewis's Preliminary Examination Testimony**

Petitioner's first claim for relief is that he was deprived of his rights under the Confrontation Clause of the Sixth Amendment, the Michigan constitution, and Rule 804(b)(1) of the Michigan Rules of Evidence by the admission of Eddie Lewis's preliminary examination testimony. Petitioner argues that the judge at the preliminary examination limited Petitioner's cross-examination by cutting off questions that he deemed repetitive, by reminding defense counsel that he was conducting a preliminary examination, not a trial, and by instructing defense counsel that he should stick to questions that had relevance.

The Magistrate Judge held that Petitioner's claims under the Michigan constitution and Michigan Rules of Evidence are not cognizable on habeas review. The Magistrate Judge found Petitioner's Confrontation Clause argument unavailing under *Crawford v. Washington*, 541 U.S. 36 (2004), because Eddie Lewis was unavailable to testify at trial and because at the preliminary examination, "[c]ounsel did not merely have the opportunity for cross-examination, he actually engaged in vigorous and extensive cross-examination, using Eddie Lewis's prior statements and highlighting the inconsistencies with his preliminary-examination testimony." (ECF No. 62, PageID #661.) Moreover, the Magistrate Judge noted that even if a valid argument exists that the Confrontation Clause was not satisfied, "[b]ecause the Supreme Court has not affirmatively determined precisely how much cross-examination is required to allow admission of preliminary-examination testimony," under the

standards set forth in 28 U.S.C. § 2254, "the state-court's determination that Petitioner had an adequate opportunity for cross-examination is neither contrary to nor an unreasonable application of clearly established Supreme Court precedent."

In his objections, Petitioner primarily argues that several avenues of cross-examination were not explored during the preliminary hearing, and that the inability to cross-examine Lewis in front of the jury hindered the jury's ability to adequately assess Lewis's credibility.

The Michigan Court of Appeals addressed these concerns in 2008, stating:

> [N]othing in the record indicates that the judge told defendant to stop questioning Lewis. In fact, defendant's trial counsel admitted that he voluntarily ceased questioning Lewis, and defendant acknowledged that his counsel voluntarily ended the cross-examination by indicating that he had no more questions . . . . The Confrontation Clause only guarantees defendant an opportunity for effective cross-examination, "'not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" Because defense counsel had an adequate opportunity to cross-examine Lewis, defendant's right of confrontation was not violated when the trial court later admitted Lewis's preliminary examination testimony.

*People v. Weissert*, 2008 WL 4958795, at *3 (Mich. Ct. App. 2008) (quoting *People v. Chavies*, 593 N.W.2d 655 (Mich. 1999)).

As the Magistrate Judge noted, the Supreme Court has recognized in the past that on certain facts, the opportunity to cross-examine a witness at a preliminary hearing is sufficient to satisfy the Confrontation Clause. *See Ohio v. Roberts*, 448 U.S. 56, 70 (1980); *California v. Green*, 399 U.S. 149, 165 (1970). Given the extensive cross-examination that did take place at the preliminary examination, and the fact that the Supreme Court has never

determined exactly how much cross-examination is required to allow the admission of preliminary-examination testimony, this Court does not find that the state court's decision resulted in either "a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States," or "a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

**Count 2–Anjanette Lewis Testimony**

In Count II, Petitioner argues that his right to confront witnesses was violated when Anjanette Lewis was allowed to testify about the statements Eddie Lewis made to her after the shooting. Petitioner also argues that Anjanette's "statements were inconsistent and unreliable, and false testimony" and objects to the fact the state court did not allow inquiry into Anjanette's mental illness, her medication for mental illness, her stay in a mental hospital, or how her mental illness affected her memory. (ECF No. 2, PageID #39.)

The Magistrate Judge found that Eddie's statement to his wife regarding "what had happened immediately after he got home, while he was highly upset[,]" was not testimonial, and therefore did not violate the Confrontation Clause. (ECF No. 62, PageID #663.) As to Petitioner's arguments on the reliability of Anjanette's statements, the Magistrate Judge noted that "habeas review is not available for violations of state law. *Estelle*, 502 U.S. at 67-68. The sole issue before this Court, therefore, is whether the admission violated the Confrontation Clause." (*Id.* at 663 n.6.)

4

Petitioner's objections first argue that, regardless of whether Eddie's statement was testimonial, the Sixth Amendment was still violated. (ECF No. 63, PageID #692.) Petitioner states, "[u]nless a statement is 'testimonial,' [*Ohio v.*] *Roberts* and its progeny still control. This statement doesn't qualify under *Ohio v. Roberts*, 100 S. Ct. 2531, or *Lilly v. Virginia*, 119 S. Ct. 1887." (*Id.*)

Petitioner misstates the law. In *Whorton v. Bockting*, 549 U.S. 406 (2007), the Supreme Court "reiterated that *Crawford* overruled *Roberts* because the latter's test for the admissibility of hearsay was both too narrow and too broad." *United States v. Smalls*, 605 F.3d 765, 775 (10th Cir. 2010). In *Whorton*, the Supreme Court stated that, "[u]nder *Roberts*, an out-of-court nontestimonial statement not subject to prior cross-examination could not be admitted without a judicial determination regarding reliability. Under *Crawford* on the other hand, *the Confrontation Clause has no application to such statements* and therefore permits their admission even if they lack indicia of reliability." 549 U.S. at 419-20 (emphasis added).

Next, Petitioner's objections focus on the reliability of Anjanette's testimony. Petitioner restates why he believes that Anjanette's testimony was unreliable, and asserts that a request for an evidentiary hearing on false testimony should have been granted. (ECF No. 63, PageID #693.) Petitioner's objections do not identify where the Magistrate Judge erred. An objection "that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has

5

been argued before, is not considered a valid objection." *Watkins v. Tribley*, No. 09-cv-14990, 2011 WL 4445823, at *1 (E.D. Mich. Sept. 26, 2011) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991)). Accordingly, Petitioner's objection is denied.

**Count 3–Fifth Amendment Right to Counsel**

In Count III, Petitioner argues that the trial court erred in admitting statements given by Petitioner to the police, arguing that doing so violated his "Fifth Amendment right against self-incrimination and his Due Process right to a fair trial because [Petitioner] clearly had repeatedly made a limited invocation of his *Miranda* rights to counsel and silence." (ECF No. 2, PageID #53.) Petitioner does not dispute that the first police interview "on February 28 ceased when [Petitioner] said he would like an attorney. [Petitioner] further agrees that the interviews with the detectives on March 1-2 was at his initiative." (ECF No. 2, PageID #56.) Petitioner argues, however, that he unambiguously invoked his right to counsel during the second round of interviews, and that this request was not honored. (*Id.*)

The Magistrate Judge agreed with the Michigan Court of Appeals' determination that Petitioner never unambiguously invoked his right to counsel. The Magistrate Judge addressed Petitioner's argument and determined that:

> Petitioner never unambiguously requested counsel in the March 2, 2006, interview. Instead, Petitioner was cagey; he repeatedly indicated that he wanted to have it both ways. He indicated on multiple occasions that he wanted to talk with the detectives about Lewis and Durst, in order to appear cooperative. Yet he also repeatedly stated that he would want an attorney before answering the detectives' questions about his personal role in the

6

> incident. In fact, even when Detective Miles first advised Petitioner that he should have an attorney, Petitioner continued to talk about his desire to have the police believe him, and he reiterated his prior statements about the roles of Lewis and Durst. On these facts, as the state court recognized, Petitioner's request for an attorney was never unambiguous.

(ECF No. 62, PageID #672.) The Court agrees with the Magistrate Judge's analysis of Petitioner's claim. The state court extensively analyzed Petitioner's claim, and its determination that Petitioner did not unambiguously request counsel during the second interview was not an unreasonable determination of the facts.

While citing to different case law, Petitioner essentially raises the same argument in his objections as he did in his original petition for writ of habeas corpus. Petitioner again argues that he did unequivocally request counsel. (ECF No. 63, PageID #694.) The new cases Petitioner cites in support of his argument are a Seventh Circuit case from 2012 and a Ninth Circuit case from 2012. Neither case presents a clearly established holding of the United States Supreme Court at the time of the state court's last adjudication of Petitioner's claim on the merits. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014).

**Count 4–Sufficiency of the Evidence**

Next, Petitioner argues that the trial court erred in denying a motion for a directed verdict of acquittal because there was insufficient evidence to sustain a guilty verdict on an aiding and abetting theory. Petitioner also argued that, absent the improper admission of Eddie Lewis's testimony that Petitioner knew of any plan to use a firearm, there was not

sufficient evidence to support either the felony-firearm charges or the armed-robbery charge. The Magistrate Judge examined each argument and concluded that the state court's determination as to the sufficiency of the evidence "were neither contrary to nor an unreasonable application of Supreme Court precedent, nor were they based on an unreasonable determination of the facts." (ECF No. 62, PageID #678.)

Petitioner's objection to the Magistrate Judge's decision states:

> There is clearly insufficient evidence. The Sixth Circuit held in *McKenzie v. Smith*, 326 F.3d 721, there was insufficient evidence based only on improperly admitted hearsay. Without hearsay trier of fact could not of found essential elements of crime beyond a reasonable doubt. *Jackson v. Virginia*, 99 S. Ct. 2781. The natural and probable consequences were also insufficient.

(ECF No. 63, PageID #695.) The hearsay that Petitioner refers to appears to be Eddie Lewis's testimony.

Petitioner's objections hinge on a finding that the testimony of Eddie Lewis was improperly admitted, and even then, this Court would have to determine whether, without Lewis's testimony, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). As stated above, Petitioner has failed to establish that the admission of Lewis's testimony was improper and, therefore, his objection fails.

Further, Petitioner's objection that "[t]he natural and probable consequences were also insufficient" is conclusory and therefore has no merit. *Drew v. Tessmer*, 36 F. App'x 561,

8

561 (6th Cir. 2002) ("The filing of . . . conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

**Count 5–Due Process–Jury Instruction on Malice**

Petitioner's fifth claim argues that he was denied his due process right to a properly instructed jury when the trial court gave an erroneous instruction on the "malice" element of second-degree murder. Petitioner asserts that the trial court failed to give the standard jury instructions, and instead gave the definition of malice set forth in *People v. Aaron*, 299 N.W.2d 304 (Mich. 1980). (ECF No. 2, PageID ##62-64.) Petitioner argues that the non-standard jury instruction "essentially lowered the standard of proof that the prosecution had to meet, eliminating the element of 'malice' and thereby violating Defendant's right to a properly instructed jury." (*Id.* at 65.) The Magistrate Judge noted that, in order for an improper jury instruction to be cognizable on habeas review, the "Petitioner must show that the instruction 'so infected the entire trial that the resulting conviction violates due process.'" (ECF No. 62, PageID #678) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977)). The Magistrate Judge stated that, because the Michigan Court of Appeals upheld the trial court's jury instruction, "Petitioner fails to demonstrate that the jury instruction was erroneous, much less that the error was so serious as to cause fundamental unfairness in violation of due process." (ECF No. 62, PageID #678.)

In his objections, Petitioner simply reasserts his earlier argument that, "by giving a non-standard instruction on malice, the trial court lowered the standard of proof that the

prosecutor had to meet, eliminating the element of malice and thereby violating right to a properly instructed jury." (ECF No. 63, PageID #695.) Petitioner does not identify where the Magistrate Judge erred. Accordingly, this objection fails. *See Watkins*, 2011 WL 4445823, at *1.

**Count 6–Ineffective Assistance of Trial Counsel**

Petitioner's sixth count argues that his trial attorney was ineffective in failing to object on confrontation grounds to the admission of Eddie Lewis's preliminary-examination testimony and the admission of Anjanette Lewis's testimony about Eddie Lewis's statement to her. (ECF No. 2, PageID #66.) The Magistrate Judge held that, "[b]ecause the evidence was properly admitted under the Confrontation Clause, any motion or objection citing the confrontation issue would have been meritless. Counsel's failure to make a frivolous motion does not constitute ineffective assistance of counsel." (ECF No. 62, PageID #680.) In his objections, Petitioner simply states: "Clearly attornies failure to object was ineffective assistance under *Strickland*, 104 S. Ct. 2064. *See also Rachel v. Bordenkircher*, 590 F.2d 204 (6th Cir. 1978), *Gravely v. Mills*, 87 F.3d 786 (6th Cir. 1996), *Washington v. Hofbauer*, 228 F.3d 689 (6th Cir. 2000)."

Petitioner's objection restates his original claim and does not specify any error in the R&R. Accordingly, the objection has no merit. *Watkins*, 2011 WL 4445823, at *1; *see also Tessmer*, 36 F. App'x at 561 ("The filing of . . . conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). The

Court agrees with the Magistrate Judge's recommendation as to this claim and, accordingly, it is dismissed.

**Count 7–Failure to Hold Evidentiary Hearing**

In Count VII, Petitioner argues that at the hearing on the motion for a new trial, the state trial court abused its discretion in not ordering an evidentiary hearing as to what occurred in the chambers of the district judge during the preliminary examination. (ECF No. 2, PageID # 67.) Petitioner asserts that "the District Judge called the prosecutor and defense counsel into chambers and told them that it was a pleasant April Friday afternoon and he wanted to go fishing," and that the judge's desire to go fishing cut short the cross-examination of Eddie Lewis at the preliminary-examination. (*Id.*) Petitioner argues that this Court must hold an evidentiary hearing to determine what occurred in the state trial court judge's chambers.

> The Magistrate Judge stated:
>
> Petitioner's claim that he was deprived of an evidentiary hearing is intertwined with his claim that the admission of Eddie Lewis' preliminary-examination testimony violated the Confrontation Clause. I have discussed at length the substantial opportunity for cross-examination exercised by Petitioner and have concluded that the state court's determination that the preliminary examination was admissible was not contrary to or an unreasonable application of Supreme Court precedent. Whether or not the judge's limitations on Petitioner's cross-examination were caused by his desire to go fishing–or on defense counsel's repetitive examination style–is irrelevant to whether those limitations rendered his opportunity for cross-examination inadequate under the Confrontation Clause.

(ECF No. 62, PageID #682.)

Petitioner's objections respond that under *Townsend v. Sain*, 372 U.S. 293 (1963), *overruled in part by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superseded by* 28 U.S.C. § 2254(e)(2), this Court must hold a full and fair evidentiary hearing because the conversation between the judge, the prosecutor, and the defense counsel occurred off the record.

The Court disagrees. As the Magistrate Judge stated, Petitioner has failed to assert that the cross-examination that did occur at the preliminary examination was not adequate under the Confrontation Clause. It is therefore immaterial what was said in the state trial court judge's chambers, and no evidentiary hearing is required.

**Count 8–Sentence Improperly Enhanced by Judicial Fact Findings**

Petitioner's eighth claim challenges his sentence. In 2010, Petitioner argued that the scoring of the offense variables on the basis of factual findings or conclusions that were not submitted and proved to a jury beyond reasonable doubt, and the resulting enhancement of the appropriate sentencing guideline range, represents an unconstitutional violation of his Sixth Amendment right to a jury trial under *Blakely v. Washington*, 542 U.S. 296 (2004).

Petitioner's objection to the R&R is based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Blakely*. In 2000, the *Apprendi* Court stated that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond reasonable doubt." 530 U.S. at 490. The *Blakely* Court stated that "the

'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303. In *Alleyne*, the Court stated that any facts increasing the penalty for a crime are elements that should be submitted to the jury to find beyond a reasonable doubt. 133 S. Ct. at 2151. At the time of the Magistrate Judge's recommendation, he noted that "[t]he Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of *Blakely*." (ECF No. 62, PageID #683) (citing *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009)).

In July 2015, the Michigan Supreme Court agreed with Petitioner's argument from 2010, finding Michigan's sentencing guidelines constitutionally deficient under *Apprendi* and *Alleyne*. *See People v. Lockridge*, __ Mich. __, 2015 WL 4562293 (Mich. July 29, 2015). Unfortunately for Petitioner, however, *Alleyne* and *Lockridge* were decided after Petitioner's sentencing. Because the constitutional deficiency of Michigan's sentencing guidelines was not "clearly established Federal law" at the time of Petitioner's sentencing, even if a court today would find that a Sixth Amendment violation did occur, Petitioner is not entitled to relief under 28 U.S.C. § 2254(d)(1). *See Floyd v. Palmer*, No. 13-10050, 2015 WL 4877423, at *9 (E.D. Mich. Aug. 14, 2015).

**Count 9–Other Bad Acts Evidence Under Michigan Rule of Evidence 404(b)**

Petitioner's final count argues that the state trial court abused its discretion in admitting "other bad acts" evidence under Michigan Rule of Evidence 404(b). The

Magistrate Judge noted that it is not the role of the federal courts "'to re-examine state-court determinations of state-law questions.'" (ECF No. 62, PageID #685) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). He further noted that no clearly established Supreme Court precedent exists finding that a state violates due process by permitting propensity evidence in the form of other bad acts evidence. (*Id.* at 686.)

Petitioner's objections state: "The Sixth Circuit and U.S. Supreme Court have found for other acts of evidence to be admitted there should be proof it occurred, it is *substantially similar* and value should not outweighed prejudice. *U.S. v. Blankenship*, 775 F.3d 735 (6th Cir. 1985). These conditions were not met. *See also Huddleston*, 108 S. Ct. 1496."

This objection does not sufficiently identify alleged errors on the part of the Magistrate Judge. "The filing of . . . conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Tessmer*, 36 F. App'x at 561. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's July 31, 2015, R&R (ECF No. 62) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (ECF No. 1) and amended petition for writ of habeas corpus (ECF No. 4) are **DISMISSED** with prejudice.

A judgment will be entered that is consistent with this Order.


Date: <u>September 25, 2015</u>  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE